UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JAMES ROBERTS, JR.,** on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>**JR ENGINEERING, INC.**,<br><br>　　　　　　　　　　　Defendant. | CASE NO.   5:19-CV-00110<br><br>JUDGE SARA LIOI<br><br>**DEFENDANT J.R. ENGINEERING, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE CERTAIN PORTIONS OF THE DECLARATIONS OF JAMES ROBERTS, JR.; JACOB PASTORIUS; AND TRISTAN ADKINS** |

I.　　INTRODUCTION

Defendant J.R. Engineering, Inc. (JRE) moves this Court for an Order striking certain portions of the Declarations of Plaintiff James Roberts, Jr. and Opt-In Plaintiffs Jacob Pastorius and Tristan Adkins which have been filed in support of Plaintiffs' Motion for Conditional Certification, Expedited Opt-In Discovery, and Court Supervised Notice to Potential Opt-In Plaintiffs.

JRE seeks to have the following portions of the Declarations stricken:

1)　　Paragraphs 5, 11, and 14 of Roberts's Declaration;

2)　　Paragraphs 4 and 7 of Pastorius's Declaration; and,

3)　　Paragraphs 4 and 7 of Adkins's Declaration.

Paragraphs 5 and 14(e) of Roberts's Declaration and Paragraph 4 of Pastorius's and Adkins's Declarations must be stricken because they consist of rote allegations from Plaintiff's Complaint that are pled in the alternative. Specifically, these paragraphs consist of "and/or" statements. A declaration must consist of statements that are true and accurate to the best of a declarant's belief. It is impossible to read an "and/or" statement and determine what specifically

the declarant is stating is true.  For this reason, these Paragraphs must be stricken from the Declarations.

Paragraphs 11 and 14 of Roberts's Declaration and Paragraph 7 of Pastorius's and Adkins's Declarations must be stricken because these paragraphs consist of conclusory statements that Plaintiffs are "similarly situated."  Such statements constitute improper opinions on conclusion of law, rather than facts and evidence to be considered by the Court, and should be stricken.  See, *Crescenzo v. O-Tex Pumping, LLC*, Case No. 15-CV-2851, 2016 WL 3277226 at *2 (S.D. Ohio June 15, 2016).

II. LAW AND ARGUMENT

    A. This Court Should Strike Paragraphs 5 and 14(e) of Roberts's Declaration and Paragraph 4 of Pastorius's and Adkins's Declarations Must be Stricken.

Paragraphs 5 and 14(e) of Roberts's Declaration and Paragraph 4 of Pastorius's and Adkins's Declarations are rote allegations of Plaintiff's Complaint.  As such, they are pled in the alternative using "and/or" language.  Declarations, by definition, cannot be pled in the alternative.  Therefore, these Paragraphs should be stricken.

Paragraphs 5 of Roberts's Declaration and Paragraph 4 of Pastorius's and Adkins's Declarations allege that JRE required them to perform, without pay, certain activities that are drafted in the following identical language:

    (a) changing into and out of my personal protective equipment, including but not limited to gloves, boots, safety glasses, ear protection, *and/or* sleeve guards;

    (b) getting tools *and/or* equipment necessary to perform my manufacturing work;

    (c) walking to my assigned area of the manufacturing floor; *and/or*

    (d) performing my manufacturing/production work.

Paragraph 14(e) of Roberts's Declaration is likewise pled in almost identical *and/or* language except that the second bullet point uses the phrase "getting tools *and* equipment." (Doc. #12-2, Roberts Dec. at ¶ 5, ¶ 14; Doc. #12-3, #12-4 at ¶ 4).

Pursuant to 28 U.S.C. Section 1746, a declaration must contain statements that are true and accurate to the best of the declarant's personal knowledge, information and belief. An "and/or" statement, by definition, cannot be true and accurate. The term "and/or" means "one *or* the other *or* both." American Heritage Dictionary of the English Language, 5th Ed. Thus, it is impossible to determine from the declarants' statements what, specifically, they are claiming is true. Are they claiming that they wore boots or sleeve guards or both? Are they claiming that they were not paid for time spent walking to their assigned areas of the manufacturing floor or that they were not paid for time spent performing manufacturing work or both? By definition, not all of these alternatives can be true.

Because these Paragraphs cannot, by definition, be true and accurate, they must be stricken from the Declarations. JRE would further note that the remainder of the allegations in the Declarations are so vague that this Court cannot, by reference to the other allegations, even draw an inference as to which of the "and/or" options that the declarants are claiming to be true.

For these reasons, Paragraphs 5 and 14(e) of Roberts's Declaration and Paragraph 4 of Pastorius's and Adkins's Declarations should be stricken.

> B. This Court Should Strike Paragraphs 11 and 14 of Roberts's Declaration and Paragraph 7 of Pastorius's and Adkins's Declarations.

Paragraphs 11 and 14 of Roberts's Declaration and Paragraph 7 of Pastorius's and Adkins's Declarations must be stricken because these paragraphs consist of conclusory statements that Plaintiffs are "similarly situated." Such statements constitute improper opinions on conclusion of law, rather than facts and evidence to be considered by the Court, and should be

3

stricken. See, *Crescenzo v. O-Tex Pumping, LLC*, Case No. 15-CV-2851, 2016 WL 3277226 at *2 (S.D. Ohio June 15, 2016). Further, certain statements in Paragraph 14 of Roberts's Declaration lack any factual foundation.

Paragraph 11 of Roberts's Declaration and Paragraph 7 of Pastorius's and Adkins's Declarations contain the following identical allegation:

> I observed that [Defendant][1] did this to other non-exempt manufacturing employees, and I believe that I am similarly situated to these employees.

(Doc. #12-2 at ¶ 11; Doc. #12-3, #12-4 at ¶ 7). The determination that Plaintiffs and potential class members are similarly situated is an ultimate determination on the merits and a legal conclusion. For this reason, these Paragraphs should be stricken. See, *Crescenzo v. O-Tex Pumping, LLC*, Case No. 15-CV-2851, 2016 WL 3277226 at *2 (S.D. Ohio June 15, 2016) (Plaintiff's and other affiant's opinions on whether plaintiffs and others are similarly situated are impertinent and must be stricken). Further, the entire Paragraph should be stricken because the first clause of the Paragraph lacks any factual foundation. While a declarant can properly make statements concerning his or her observations, Plaintiffs do not identify what it is that they observed. They simply state that "Defendant did this" without identifying what "this" refers to. The failure to identify the basis of the observation renders this portion of the Declaration as lacking personal knowledge. See, *Brandenburg v. Cousin Vinny's Pizza, LLC,* Case No. 3:16cv516, 2017 WL 3500411 at *3 (S.D. Ohio August 15, 2017 (If [plaintiff] had stated "it was my understanding" with no further context, then the Court would strike those portions of his affidavit as lacking personal knowledge).

For similar reasons, Paragraph 14 of Roberts's Declaration should be stricken in its entirety. The first clause of the Paragraph consists of a legal conclusion: "I believe that I am

---

[1] Pastorius's and Adkins's Declarations replace "Defendant" with "J.R. Engineering."

4

similarly situated to the class of opt-in plaintiffs . . ." . The second clause purports to list things that Roberts "observed" but lacks personal knowledge sufficient to support the alleged observations. For example, Roberts claims that he "observed that the class and I: are/were paid only between our scheduled start and stop times." (Doc. #12-2 at ¶ 14). But he fails to explain how he could possibly know that other employees were only paid for hours worked between their scheduled start and stop times. For this reason, the entirety of Paragraph 14 should be stricken.

III. CONCLUSION

For these reasons, JRE respectfully requests that this Court strike Paragraphs 5, 11 and 14 of Roberts's Declaration and Paragraphs 4 and 7 of the Declarations of Pastorius and Adkins.

Respectfully submitted,

/s/ *Morris L. Hawk*
**Nancy A. Noall (0010974)**
nnoall@ralaw.com
**Morris L. Hawk (0065495)**
mhawk@ralaw.com
**Monica L. Frantz (0090878)**
mfrantz@ralaw.com
**Roetzel & Andress, LPA**
1375 East Ninth Street
One Cleveland Center, 10th Floor
Cleveland, OH 44114
(T) 216.623.0150 (F) 216.623.0134

*Attorneys for Defendant JR Engineering, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 20, 2019, a copy of the foregoing instrument was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Morris L. Hawk*
Morris L. Hawk (0065495)
*One of the Attorneys for Defendant*