UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES ROBERTS, JR., on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>JR ENGINEERING, INC.<br><br>    Defendant. | CASE NO. 5:19-cv-00110<br><br>JUDGE PAMELA BARKER<br><br>**<u>ORDER OF DISMISSAL AND APPROVING SETTLEMENT</u>** |

THIS CAUSE having come before the court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement"), the General Settlement and Release Agreement, and the Declaration of Chastity L. Christy, and due cause appearing therefore, it is hereby ORDERED AND ADJUDGED as follows:

1.  On January 15, 2019, Plaintiff James Roberts, Jr. filed his Complaint against Defendant JR Engineering, Inc. as a result of Defendant's failure to pay Plaintiff and similarly situated employees for all time worked and overtime compensation at the rate of one and one-half times his regular rate of pay for all of the hours he worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Minimum Fair Wage Standards Act, ("OMFWSA"), R.C. 4111.03.   (ECF No. 1.)

2.  Specifically, Plaintiff alleged that he and other similarly-situated employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop time: a) changing into and out of their personal protective equipment, including but not limited to gloves, boots,

safety glasses, ear protection, and/or sleeve guards; b) getting tools and/or equipment necessary to perform their manufacturing work; c) walking to their assigned area of the manufacturing floor; and/or d) performing their manufacturing work. (*Id*.)

3. On March 4, 2021, Defendant answered the Complaint, denying that Plaintiffs were employees of Defendant, as they were all employed by staffing agencies that paid their wages during the time that Plaintiffs worked at Defendant's facilities and further denying Plaintiffs' allegations under the FLSA and the OMFWSA.

4. On April 15, 2019, Plaintiff filed his Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs, requesting this Honorable Court to certify the following class:

> All former and current manufacturing employees of J.R. Engineering in Barberton, Ohio and Norton, Ohio between January 15, 2016 and the present.

(ECF No. 12.)

5. On May 20, 2019, Defendant filed its Opposition to Conditional Certification (ECF No. 16), and Plaintiff filed his Reply Brief on June 4, 2019 (ECF No. 20).

6. On October 31, 2019, this Court granted Plaintiff's Motion for Conditional Certification. (ECF No. 24.)

7. On December 6, 2019, the Parties filed their Joint Notice of Filing Notice to the Class, and on December 9, 2019 this Honorable Court approved the Parties Notice (ECF No. 27)

8. On January 8, 2020, the Notice was mailed to potential class members, and the Notice Period closed on February 22, 2020. (Declaration of Chastity L. Christy, ¶ 22.)

9. In addition to Representative Plaintiff James Roberts, Jr., 262 potential class members will participate in the Settlement as Opt-In Plaintiffs (collectively "Plaintiffs"). (*Id.* at

¶ 23.)

10. The Parties stipulate to this Court that they engaged in substantial investigation and discovery prior to negotiating the Settlement, and relevant information was exchanged, including discovery relating to Plaintiffs' claims and Defendant's defenses.

11. The Parties stipulate to this Court that they engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendant's defenses to such claims. This included a complete analysis and calculations of Plaintiffs' and Opt-In Party Plaintiffs' alleged overtime damages.

12. The Parties advise this Court that they engaged in extensive legal discussion, which included numerous and lengthy discussions between counsel for the Parties.

13. Between May 2020 and December 2020, the Parties engaged in formal discovery, including Interrogatories, Requests for Production of Documents, Requests for Admissions, and depositions, exchanged information and documentation, and engaged in numerous telephone discussions regarding the calculation of alleged damages and potential resolution. (*Id.* at ¶ 24.)

14. Between November 2020 and January 2021, the Parties engaged in settlement negotiations, including the exchange of letters and discussions between Counsel for the Parties detailing the Parties' legal and factual positions. (*Id.* at ¶ 25.)

15. On January 14, 2021, the Parties participated in a mediation conference with Magistrate Judge Carmen E. Henderson, during which they reached an agreement to settle the Action on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to the Parties Joint Motion for Approval of Settlement.

16. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were employees of Defendant within the meaning of the FLSA and/or

OMFWSA, as they were all employed by staffing agencies that paid their wages during the time that Plaintiffs worked at Defendant's facilities, whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA, and whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA.

17. Defendant claims that none of the Plaintiffs were ever directly employed by Defendant or were on Defendant's payroll as W-2 employees but were instead on the payroll of various staffing agencies.

18. Furthermore, there is a bona fide dispute over whether the two-year or three-year statute of limitations applies and whether Plaintiffs would be entitled to liquidated damages as Defendant denies liability and also claims it did not act willfully violate the FLSA and/or OMFWSA and has a good faith defense.

19. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to the Parties' Joint Motion.

20. The Court hereby accepts and approves the proposed settlement and holds that the proposed settlement submitted by the Parties is a fair and reasonable settlement of a bona fide dispute over the provisions of the Fair Labor Standards Act.

21. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

22. The above case is hereby DISMISSED WITH PREJUDICE; each party to bear their own attorneys' fees and costs except as otherwise provide by the Settlement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this __19th__ day of ____February____, 2021.

_____
HONORABLE JUDGE PAMELA BARKER